STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

03-293

HILDA BURLEIGH LASALLE

VERSUS

JOSEPH ELDES LASALLE

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20015290
HONORABLE PHYLLIS M. KEATY, DISTRICT COURT JUDGE

**********

ULYSSES GENE THIBODEAUX
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Sylvia R. Cooks, and Billy Howard Ezell, Judges.

AFFIRMED.

Edward J. Milligan Jr.
Attorney at Law
P. O. Box 90282
Lafayette, LA 70509
Telephone: (337) 237-6491
COUNSEL FOR:
        Defendant/Appellant - Joseph Eldes LaSalle

Albert Michael Karre' Jr.
Attorney at Law
210 West Main St.
Lafayette, LA 70501
Telephone: (337) 235-5704
COUNSEL FOR:
        Plaintiff/Appellee - Hilda Burleigh LaSalle

THIBODEAUX, Judge.

Joseph Eldes LaSalle appeals the trial court's judgment in favor of plaintiff, Hilda Burleigh LaSalle, for past due child support. Joseph asserted that Hilda's cause of action, seeking payment of past due child support, had prescribed. The trial court, noting that the parties had never divorced, concluded that the action had not prescribed because prescription was suspended between the spouses during their marriage in accordance with La.Civ.Code art. 3469. We agree and affirm the trial court's judgment.

## I.

## ISSUE

The issue in this case is whether an action seeking payment of past due child support has prescribed where the parents of a minor child, who is now a major, were separated but never divorced.

## II.

## FACTS

The present case seeking payment of past due child support arose as a result of a petition for divorce filed by Hilda on October 17, 2001. In connection with her divorce petition, Hilda sought enforcement of a prior child support judgment dated February 25, 1986. In 1985, Joseph filed a petition for divorce against Hilda. Subsequently, on February 25, 1986, a judgment was entered awarding Hilda custody of her and Joseph's minor child, Raymond LaSalle. Raymond was born on November 27, 1975. The judgment further ordered that Joseph pay Hilda $100.00 per month in child support retroactive to August 8, 1985. Joseph failed to pay the child support.

1

Hilda sought payment of the past due child support Joseph owed. On the date of the divorce trial, Joseph failed to appear. There was no other action taken with respect to the petition for divorce filed by Joseph. Therefore, on January 13, 1992, his suit requesting a divorce from Hilda was abandoned. Thus, although Joseph and Hilda were physically separated from each other, they were still married. The parties did not reconcile, and the child support order was not modified or terminated. Joseph failed to pay any child support. Hilda claimed that she did not know Joseph's whereabouts despite her efforts to locate him.

In the divorce petition filed by Hilda giving rise to her present request for payment of past due child support, Hilda requested child support for one hundred months beginning in August 1985, and ending in November 1993 when Raymond turned eighteen. In response to Hilda's lawsuit, Joseph filed a peremptory exception of prescription. The trial court overruled Joseph's exception and awarded Hilda judgment on the child support arrearage as well as attorney fees. It is from this judgment that Joseph appeals.

III.

**LAW AND DISCUSSION**

It is clear from the record that neither the February 25, 1986, nor the October 17, 2001, divorce actions filed by Joseph and Hilda, respectively, resulted in a judgment of divorce. Joseph's action was dismissed as abandoned. Hilda's action for divorce is pending. Joseph asserts that Hilda's action for payment of child support arrearage has prescribed since the original judgment was entered in 1986. To support his argument Joseph relies on La.Civ.Code art. 3497.1(1994) which provided that the prescriptive period for judgments for support and actions seeking payment of child support arrearages was five years. However, effective July 3, 1997, the legislature

2

increased the prescriptive period for seeking child support arrearages to ten years. La.Civ.Code art. 3501.1. Joseph asserts that whether the child support judgment of February 25, 1986, that Hilda seeks to enforce, falls under the prescriptive period of five years or the prescriptive period of ten years, is of no consequence. In either instance, it has prescribed.

Prescriptive periods are subject to suspension. *Townsley v. Brierty*, 97-601 (La.App. 3 Cir. 10/27/97), 702 So.2d 1073. In *Labbe Service Garage, Inc. v. LBM Distributors, Inc.,* 94-1043, p. 10 (La.App. 3 Cir. 2/1/95), 650 So.2d 824, 829, we noted that "pleading prescription alone subjects the exceptor to proving, by a preponderance of the evidence, that the plaintiff's claim has prescribed. Additionally, if on the face of the petition it appears that prescription has run, the burden shifts to the plaintiff to prove an interruption or suspension of the prescriptive period. *Younger v. Marshall Industries, Inc.*, 618 So.2d 866 (La.1993)." Louisiana Civil Code Article 3469 provides that as between spouses during marriage, prescription is suspended. In the present case, since Joseph and Hilda were never divorced, we conclude that Hilda's action seeking enforcement of the 1986 child support judgment has not prescribed.

Hilda seeks payment of additional attorney fees to compensate her counsel for work done on the present appeal. However, she did not file an answer requesting such relief. Failure to file an answer pursuant to La.Code Civ.P. art. 2133 precludes this court from awarding additional attorney fees.

IV.

**CONCLUSION**

For the above reasons, we affirm the judgment of the trial court. Costs of this appeal are assessed against appellant, Joseph Eldes LaSalle.

**AFFIRMED.**