STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**03-1763**

**RICHARD MCDANIEL**

**VERSUS**

**DANA MAUREEN VESTAL MCDANIEL**

**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 62120-A
HONORABLE JOHN LARRY VIDRINE, DISTRICT JUDGE

**********
**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**
**********

Court composed of Ulysses Gene Thibodeaux, C.J., Glenn B. Gremillion, and John B. Scofield[*], Judges.

**AFFIRMED.**

**Ralph W. Kennedy**
**Attorney at Law**
**1215 Texas Ave.**
**Alexandria, LA 71301**
**Telephone: (318) 445-5356**
**COUNSEL FOR:**
        **Plaintiff/Appellant - Richard McDaniel**

**Kathy F. Meyers**
**Attorney at Law**
**514 W. Main Street**
**Ville Platte, LA 70586**
**Telephone: (337) 363-3804**
**COUNSEL FOR:**
        **Defendant/Appellee - Dana Maureen Vestal McDaniel**

---

[*]Honorable John B. Scofield participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

THIBODEAUX, Chief Judge.

In this child support case, Richard McDaniel (Richard), appeals the trial court's finding that he is voluntarily underemployed. The trial court denied a motion to reduce his child support payments. For the following reasons, we affirm the judgment of the trial court.

I.

## ISSUES

Richard asserts that the trial court erred in failing to find that his former wife, Dana Maureen Vestal McDaniel (Dana), entered into a tacit agreement to reduce his child support obligation when she accepted less support than that to which she was entitled according to the original child support judgment. He further asserts that the trial court erred in finding that he was voluntarily underemployed and, therefore, not entitled to a judgment reducing the amount of his child support obligation.

II.

## FACTS

Richard and Dana were married on December 26, 1992, in Evangeline Parish, Louisiana. Of that marriage, two children were born. The family moved to Houston, Texas where Richard, an electrician, was employed. They lived in Houston for several years until Dana moved with the children back to Evangeline Parish. In the meantime, Richard continued working in Houston, visiting with his family on weekends, his days off, and some holidays. In Houston he earned $17.00 per hour. His yearly salary ranged from $50,000.00 to $60,000.00. In July 2000, Dana filed a petition for divorce and, on December 14, 2000, she was granted a divorce. In connection with the divorce, the parties agreed that Richard would pay $1,000.00 per

month for the support of their two minor children.

Richard lost his job in Houston and moved back to Evangeline Parish. He was able to find employment with Calpine, a subcontractor doing construction work for a California company, CLECO, in Eunice, where he earned $30.00 per hour. This was his employer when he made his last child support payment. The amount of his child support, $1,000.00 per month, was based on the $30.00 per hour wages he earned while working for Calpine and was agreed to by the parties by consent decree. In July 2002, Richard's job with Calpine ended when he was laid off. On July 30, 2002, he filed a rule to decrease child support. Thereafter, his child support was reduced to $948.00 per month also by agreement with Dana.

By October 2002, Richard told Dana that he could not pay the $948.00 monthly child support and would reduce the amount to $500.00. Eventually, Richard went back to work for his former employer in Houston, but was laid off after three months. He presently works in Louisiana and earns $17.00 per hour in wages. Richard asserted that his wages are no different than the wages he earned working in Houston. He earned more money in Houston because he worked more hours there than he does in his Louisiana job.

Dana filed a rule for contempt against Richard because he unilaterally decreased the amount of child support payments to $500.00 due to his voluntary reduction in employment. Richard claims that by accepting the decreased amount of child support, Dana agreed to the reduction. He also countered Dana's contempt rule by requesting that his child support be reduced due to the decrease in his income. The trial court found there was a change in Richard's circumstances, but that it was voluntary. Consequently, the trial court denied Richard's motion to reduce the child support amount, found him in contempt of court for decreasing the amount of child support, rendered judgment in favor of Dana for the arrearages resulting from the

decrease, and ordered Richard to pay attorney fees. It is from this judgment that Richard appeals.

## III.

## <u>LAW AND DISCUSSION</u>

Louisiana Revised Statutes 9:311 (A) provides:

> An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a material change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.

Richard claims that his circumstances have changed because he no longer earns the $50,000.00 to $60,000.00 per year he earned when he worked for the company in Houston, Texas or when he worked for Calpine and earned $30.00 per hour. Dana claims that Richard's earning capacity is higher than his present salary reflects and that he chose not to earn more money by declining employment that paid more money per year.

The trial court relied on La.R.S. 9:315.9 (2000)[1], which provided as follows:

> If a party is voluntarily unemployed or

---

[1] The substance of La.R.S. 9:315.9 is now located in La.R.S. 9:315.11 applicable to actions concerning child support filed after August 15, 2001, and provides:

> If a party is voluntarily unemployed or underemployed, child support shall be calculated based on a determination of his or her income earning potential, unless the party is physically or mentally incapacitated, or is caring for a child of the parties under the age of five years.

The original action for child support in the present case was filed in December 2000.

3

> underemployed, child support shall be calculated based on a determination of his or her income earning potential, unless the party is physically or mentally incapacitated, or is caring for a child of the parties under the age of five years. The amount of the basic child support obligation obtained by use of this Section shall not exceed that amount which the party paying support would have owed had no determination of the other party's earning income potential been made.

Louisiana Revised Statutes 9:315.9 was reenacted by Acts 2001, No. 1082, § 1 without its last paragraph as La.R.S. 9:315.11. Thus, the issue that the trial court faced was whether or not Richard's reduction in salary is due to his voluntary underemployment. As we noted above, the trial court concluded that Richard was voluntarily underemployed. We agree.

Under La.R.S. 9:315, income includes potential income of a voluntarily unemployed or underemployed party. Thus, if a party is voluntarily unemployed or underemployed, child support must be based on a determination of his or her income earning potential. La.R.S. 315.11. Whether a party is voluntarily under/unemployed with respect to calculating child support is a question of good faith of the party to be cast with paying the child support obligation. *Stephenson v. Stephenson*, 37,323 (La.App. 2 Cir. 5/14/03), 847 So.2d 175. If the obligor party is absolutely unemployable or incapable of being employed, or if the circumstances resulting in his under/unemployment arise through no fault of the obligor party, then that party is not deemed to be voluntarily under/unemployed. *Id.* The trial court, however, has wide discretion in determining the credibility of the witness; whether the obligor spouse is in good faith in ending or reducing his income is a factual determination which will not be disturbed absent an abuse of discretion. *Havener v. Havener*, 29,785 (La.App. 2 Cir. 08/20/97), 700 So.2d 533. Further, "[t]he trial court's conclusions of fact regarding financial matters underlying an award of child support will not be disturbed in the absence of manifest error." *Romans v. Romans*, 01-587, p. 3 (La.App. 3 Cir.

4

10/31/01), 799 So.2d 810, 812. (citations omitted).

Considering the above principles in light of the facts elicited at the hearing, we find no manifest error in the trial court's determination that Richard is voluntarily underemployed. Richard testified that the hourly wages he earns working in Louisiana and for Zachary in Houston, Texas are the same. He explained that the reason he earned a higher yearly income working in Texas was because he worked more hours—ten to fifteen hours per day, sometimes seven days per week. He now works only forty hours per week and earns approximately $36,000.00 per year. During his marriage he managed to find employment that allowed him to earn fifty to sixty thousand dollars per year. Since he began working in Louisiana, he had the opportunity to return to Texas for his previous employer, Zachary, where his brother now works and has worked for approximately ten years. The job with Zachary would have allowed him to earn a higher yearly salary than his Louisiana job. However, Richard testified that he declined that job offer because he did not want to work the hours the Texas company required that would allow him to earn $50,000.00-$60,000.00 per year and because he needed to be in Louisiana to assist his disabled father. With respect to assisting his disabled father, Richard testified that his father can drive himself and only needs help doing outside yard work. Essentially Richard's explanation is that he just does not want to work the hours necessary to earn more money. He does not claim that he is incapable of earning more money. We find no error in the trial court's factual determinations regarding this issue or in its decision not to reduce the amount of Richard's child support obligation based on his lower yearly salary.

Richard further asserts that regardless of his income potential, Dana agreed to the reduction of child support by accepting payment of $500.00 per month instead of the $948.00 he was required to pay. To support his position, Richard cites

5

*Pellerin v. Pellerin*, 01-1877 (La.App. 4 Cir. 10/23/02), 832 So.2d 988, *writ not considered*, 02-2903 (La. 2/7/03), 836 So.2d 83. In *Pellerin*, the trial court found that the mother tacitly agreed to a reduction in the child support obligation owed by the father. The parties obtained a 1996 consent judgment of child support to be paid by the father. Subsequently, the mother obtained a 1997 judgment of child support to which she was entitled even while that judgment was on appeal. The 1997 child support judgment was an increase in the amount the father was ordered to pay in 1996. However, the mother's former counsel continually sought enforcement of the 1996 child support consent judgment. Thus, in *Pellerin*, the mother did more than merely accept the reduced child support obligation when she was entitled to receive more. She, through her attorney, actively sought enforcement of the child support judgment with the lower amount. Therefore, the court's holding in *Pellerin*, that the mother agreed to a lower child support obligation by her acceptance of such is not dispositive of the issue presented in this case.

In the present case, Dana accepted the $500.00 child support payments although she was at least entitled to receive $948.00 per month. At the same time, she sought enforcement of the child support judgment awarding her the higher amount. The general rule in Louisiana is that an alimony or child support judgment remains in effect until it is modified or terminated by the court. *Halcomb v. Halcomb*, 352 So.2d 1013 (La.1977). "The law does not want to encourage those owing alimony or child support to become involved in 'self-help' by making their own determinations as to when they have satisfied their alimony or child support obligations by some method other than payment in accordance with the court order." *Mizell v. Mizell*, 37,004, p. 7 (La.App. 2 Cir. 3/7/03), 839 So.2d 1222, 1227. (citations omitted). The only exception to this general rule is where the evidence shows that the parties have clearly agreed to waive or otherwise modify the court-ordered payments. *Id.* More

6

importantly, mere acquiescence in the obligor's failure to pay the full amount of support is not a waiver. *Weldon v. Weldon*, 98-1173 (La.App. 3 Cir. 2/3/99), 737 So.2d 812. Not only did Dana not acquiesce in Richard's failure to pay the full amount to which she was entitled, she brought legal action to remedy the situation. Thus, the trial court's judgment that Richard is in contempt of court for his failure to pay the full amount of his child support obligation is not erroneous.

### *Attorney Fees*

In her reply brief to Richard's appellate brief, Dana asks this court to award additional attorney fees to compensate her counsel for work done on the present appeal. However, she did not file an answer or a separate appeal requesting such relief. "Failure to file an answer pursuant to La.Code Civ.P. art. 2133 precludes this court from awarding additional attorney fees." *LaSalle v. LaSalle*, 03-293, p. 3 (La.App. 3 Cir. 10/1/03), 856 So.2d 142, 144.

### IV.

### <u>CONCLUSION</u>

For the above reasons, we affirm the judgment of the trial court. Costs of this appeal are assessed against appellant, Richard McDaniel.

**AFFIRMED.**

7