United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30151
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

GARY STEPHEN DENNIS,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CR-92-1
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:*

     Gary Stephen Dennis appeals his conviction and 24-month sentence for violating 18 U.S.C. § 228(a)(3) of the Deadbeat Parents Punishment Act.  Dennis first argues that the evidence was insufficient to sustain his conviction.  Because Dennis did not renew his FED. R. CRIM. P. 29 motion at the close of the evidence, we consider only whether "the record is devoid of evidence pointing to guilt or contains evidence on a key element of the offense that is so tenuous that a conviction would be

--------

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

shocking." See United States v. McIntosh, 280 F.3d 479, 483 (5th Cir. 2002). The record is not devoid of evidence that Dennis willfully failed to pay a past due child support obligation with respect to a child who resided in another State and that the support obligation was greater than $10,000 during the time period alleged in the indictment. See 28 U.S.C. § 228(a)(3).

Dennis also argues that the trial court erred in admitting into evidence testimony concerning a December 2002 conversation between himself and his daughter. Before the district court overruled his hearsay objection to the Government's question regarding his ex-wife's knowledge of the conversation, the Government confirmed that her testimony was being offered to show only that the conversation took place and not to show the content of the conversation. Dennis did not object to his ex-wife's testimony that, as a result of the conversation, she feared for herself and their daughter. His challenge to the admission of that testimony is therefore reviewed for plain error. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

Dennis argues that his ex-wife's testimony implied to the jury that he threatened her and that her testimony was therefore inadmissable pursuant to FED. R. EVID. 404(b). His daughter's subsequent testimony, however, clarified the substance of the December 2002 conversation for the jury, and the district court did not abuse its discretion in allowing the daughter's testimony

into evidence because Dennis's statements to the daughter that his ex-wife was barking up the wrong tree and messing with the wrong person were probative of Dennis's willful intent to not pay child support.  See United States v. Polasek, 162 F.3d 878, 883 (5th Cir. 1998); FED. R. EVID. 403 and 404(b).  Accordingly, there is no plain error.

We review for plain error Dennis's argument that the district court incorrectly calculated the amount of restitution owed under 28 U.S.C. § 228(d) because his child support obligations had prescribed under LA. CIV. CODE art. 3501.1.  See United States v. Miller, 406 F.3d 323, 327-28 (5th Cir. 2005).  There is no plain error because, at sentencing, Dennis neither pleaded prescription nor challenged the restitution amount recommended by the presentence report.  See LaSalle v. LaSalle, 856 So.2d 142, 144 (La. App. Ct. 2003); Broussard v. Crochet, Broussard & Co., 477 So.2d 166, 175 (La. App. Ct. 1985); United States v. Glinsey, 209 F.3d 386, 393 (5th Cir. 2000).

Dennis's 24-month sentence resulted from the district court's upward departure from the recommended guidelines range of 15 to 21 months of imprisonment.  Dennis argues that his sentence was unreasonable because, in upwardly departing, the district court took into consideration the amount of past due child support, which, Dennis argues, was miscalculated.  For the reasons noted above, this argument is without merit.

Dennis also argues that his sentence "does not appear to fit the requirements set forth by 18 U.S.C. § 3553(a)(2)."  The district court aptly demonstrated at sentencing why Dennis's sentence of 24 months met the sentencing objectives of reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, giving adequate deterrence for criminal conduct, and protecting the public from further crimes by the defendant.  See 18 U.S.C. § 3553(a)(2)(A)-(C).  Dennis's argument that his sentence of 24 months frustrates the objective of the Deadbeat Parents Act to collect unpaid child support is unconvincing as the plain language of the statute allows not only for the collection of unpaid child support but also for the imposition of a sentence of imprisonment.

Finally, Dennis argues that his sentence was excessive in violation of the Eighth and Fourteenth Amendments.  In comparison to the life sentence imposed in Rummel v. Estelle, 445 U.S. 263 (1980), on a non-violent criminal pursuant to a recidivist statute, the 24-month prison sentence imposed in Dennis's case is not "grossly disproportionate" to the offense of violating 28 U.S.C. § 228(a)(3).  See Smallwood v. Johnson, 73 F.3d 1343, 1347 (5th Cir. 1996).

AFFIRMED.