NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 09-301

ROBIN REEVES CROSS

VERSUS

MICHAEL JACOB CROSS

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20073048
HONORABLE PHYLLIS M. KEATY, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Michael G. Sullivan, Elizabeth A. Pickett, and Billy Howard
Ezell, Judges.

AFFIRMED.

Ronald D. Cox
P. O. Box 2105
Lafayette, LA 70502-2105
(337) 269-5729
Counsel for Plaintiff/Appellee:
Robin Reeves Cross

**Dean Alan Doherty**
**Cox Fitzgerald, LLC**
**113 West Convent Street**
**Lafayette, LA 70501**
**(337) 233-9743**
**Counsel for Plaintiff/Appellee:**
**Robin Reeves Cross**

**Randall M. Guidry**
**Durio, McGoffin, Stagg & Ackermann**
**P.O. Box 51308**
**Lafayette, LA 70505**
**(337) 233-0300**
**Counsel for Defendant/Appellant:**
**Michael Jacob Cross**

**Elizabeth A. Macmurdo**
**Melancon & Associates, LLC**
**900 South College Drive, # 300**
**Lafayette, LA 70503**
**(337) 233-8600**
**Counsel for Plaintiff/Appellee:**
**Robin Reeves Cross**

**EZELL, JUDGE.**

Jacob Cross appeals a trial court judgment which found that he was voluntarily underemployed and based his child support obligation on his earnings at his previous employment. Jacob claims that he was fired from his job and that he currently has a job earning his full income potential which also allows him more time with his daughter. He argues that his child support obligation should be based on his current salary.

**FACTS**

Robin Cross and Jacob Cross were married on April 23, 2005. One daughter was born of the marriage on August 22, 2006. Robin filed a petition for divorce from Jacob in June 2007. On August 16, 2007, a temporary order was issued ordering Jacob to pay child support in the amount of $895.76 per month. In April 2008, Jacob filed a rule to reduce child support alleging that he now had a different job earning less income. Robin responded by filing a rule to increase child support.

On June 6, 2008, a hearing officer conference was held. At that time, the hearing officer noted that documentation presented by Robin indicated that Jacob had resigned from his previous employment with Coastal Chemical Company and that he had obtained new employment making $1,245.00 a month less. The hearing officer temporarily reduced the amount of child support to $753.22 pending further discovery.

On August 4 and 5, 2008, a hearing on the issue of child support was held before the trial court. The trial court found, based on the evidence presented, Jacob was voluntarily underemployed. He was imputed to have an income of $8,289.85 a month and was ordered to pay child support in the amount of $1,266.64 a month effective May 19, 2008. Judgment was signed August 19, 2008. Jacob appeals the

1

finding that he was voluntarily underemployed.

## VOLUNTARY UNDEREMPLOYMENT

Jacob claims that he is not voluntarily underemployed. He claims that he was about to be fired because his immediate supervisor simply did not like him and that he had never been demoted, put on probation, or had his pay decreased while he was at Coastal. He further claims that his new job will allow him to spend more time with his daughter and that he has always provided for her needs. Jacob argues that it is unjust to cast him with a child support obligation that is based upon the past rather than reality.

If a parent is voluntarily underemployed, child support shall be based on his or her income earning potential. La.R.S. 9:315.11(A). "Voluntary underemployment is a question of good faith of the obligor spouse." *Cory v. Cory*, 43,447, p. 12 (La.App. 2 Cir. 8/13/08), 989 So.2d 855, 862. If the obligor spouse is absolutely unemployable or incapable of being employed, or if the circumstances resulting in his underemployment or unemployment arise through no fault of the obligor spouse, then that party is not deemed to be voluntarily underemployed or unemployed with respect to calculating child support. *McDaniel v. McDaniel*, 03-1763 (La.App. 3 Cir. 5/19/04), 878 So.2d 686. Voluntary underemployment is a fact-driven consideration, and the trial court's determination of the credibility of the witnesses, in addition to its factual determinations, will not be disturbed on appeal absent manifest error. *Id.*; *Aguillard v. Aguillard*, 08-1131 (La.App. 1 Cir. 12/23/08), 9 So.3d 183.

The oral reasons of the trial court clearly indicate that it found the testimony of Jacob's supervisor at Coastal, Tyson Dupuis, was the most pertinent. The trial court determined that Jacob resigned from his job, but even if he had waited to be fired, the trial court considered it voluntary underemployment due to Jacob's

2

insubordination at work. We have reviewed the record and agree with the trial court.

At the time of his employment with Coastal, Jacob was a project supervisor with a pipe cleaning division of Coastal, N-SPEC Pipeline Services. Tyson testified that he had personally supervised Jacob during the last four years of Jacob's ten years of employment. Prior to Tyson's supervision, Jacob had been supervised by his own father who was the global manager for N-SPEC projects. While Tyson agreed that Jacob had never been demoted or put on probation, he did indicate that there was information that should have been put in Jacob's personnel file and probably was not because Jacob's father was supervising him at the time. These instances included battery on a police officer and two DWI arrests. Tyson testified that Jacob was a good employee for the most part but that his home life had been interfering with his job. The company did allow Jacob to have some time off to deal with his personal problems, but he did not return when requested to do so. Further, Jacob's ability to perform the job did not meet company standards.

In January and June 2007, meetings were held with Jacob to discuss his job duties and his behavior and attitude regarding work. Issues that were discussed included his December 2006 arrest for domestic abuse battery and its impact on his normal job duties; his ability to change his attitude and behavior at work; and his completion and filing of all forms correctly and timely. Tyson testified that Jacob had lost the respect of his supervisors and that the decision had been made that Jacob was going to be fired.

On August 3, 2007, Jacob walked into Tyson's office and resigned. He had already cleaned out his company truck.

Jacob is now working for Analytical Pipeline Solutions, a company created by his parents. Jacob and his father agreed that he would receive a salary of $60,000.00

a year. He has been receiving a salary of $4,500.00 a month at Coastal but additionally received a very generous per diem for expenses when he traveled, which amounted to a salary of $8,289.85 a month. Jacob testified that he does not receive a per diem now but all of his expenses are covered when he travels. Jacob also stated that he is not gone as much as before so he can spend more time with his daughter. Jacob admitted that Robin had wanted him to change jobs when they were still together so he would be around more, but he could not take a cut in pay.

Despite the fact that Jacob voluntarily resigned from his job, Jacob was going to be fired through his own fault and neglect. Twice, Jacob was counseled on the areas he needed to improve. Obviously, he failed to improve his situation at work even when notified that his job was at stake. While it is commendable that Jacob wants to spend more time with his daughter, he is still voluntarily underemployed. We cannot say the trial court committed manifest error in finding that Jacob was voluntarily unemployed.

For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Jacob Cross.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3 Uniform Rules, Court of Appeals.