# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 11-728

**STATE OF LOUISIANA**

**VERSUS**

**CRAMIN WILTZ, II**

************

## APPEAL FROM THE
## SIXTEENTH JUDICIAL DISTRICT COURT
## PARISH OF ST. MARTIN, NO. 04-12413
## HONORABLE EDWARD M. LEONARD, DISTRICT JUDGE

************

## J. DAVID PAINTER
## JUDGE

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and J. David Painter, Judges.

**AFFIRMED AS AMENDED.**

**Lucretia Pecantte-Burton**
**Pecantte-Burton & Burton**
**117 E. Pershing Street, Suite B**
**New Iberia, LA  70562**
**COUNSEL FOR INTERVENOR/APPELLANT:**
    **Albertina Mitchell**

**Harold D. Register, Jr.**
**Law Office of Harold D. Register, Jr.**
**P. O. Box 80214**
**Lafayette, LA 70598-0214**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Cramin Wiltz, II**

**PAINTER, Judge**

Intervenor, Albertina Mitchell, the mother of the minor child, appeals the trial court's judgment that ignored the hearing officer's recommendation that child support be set at $1,348.00 per month and, instead, set the amount at $450.00 per month retroactive to July 1, 2010. For the reasons that follow, we amend the judgment to reflect a retroactive date of May 1, 2010, and, as amended, affirm the judgment in all other respects.

## FACTS AND PROCEDURAL HISTORY

This litigation began with the filing of a petition to establish paternity, filed by the State of Louisiana through the Department of Social Services on October 4, 2004. The child at issue was born to Albertina Mitchell on August 6, 2002. After DNA testing confirmed that Defendant, Cramin Wiltz, II, was the father of the child, Wiltz signed an acknowledgement of paternity on March 15, 2005. That same day, a judgment was rendered decreeing Wiltz to be the biological father of the minor child, granting provisional care, custody, and control of the minor to Mitchell, and casting Wiltz with all costs of the proceedings. On April 27, 2005, Wiltz was ordered to pay $155.00 per month in child support, plus a five percent (5%) administrative fee, for a total of $162.75. Wiltz was also ordered to maintain health insurance for the child. At that time, Wiltz was a college student at Xavier University in New Orleans, Louisiana. Mitchell also attended college and obtained a bachelor's degree in sociology with a minor in criminal justice. However, Mitchell is employed as a part-time secretary at the school her child attends.

Following Wiltz's graduation from dental school at the University of Alabama at Birmingham in June 2009 and his marriage to Dr. Precious Monte McGregor, the State filed a motion to modify the previous order of child support. The hearing officer recommended an increase in monthly child to support to

$1,348.00. Wiltz objected to that amount and maintained that he had been accepted into the postgraduate prosthodontics program at Louisiana State University and was prohibited by the regulations of that program from having employment outside of the program. Thus, Wiltz asserted that he was unable to pay the amount recommended by the hearing officer. Mitchell intervened and asserted that Wiltz was voluntarily under/unemployed such that his earning potential, rather than his actual income, should be considered in setting the amount of child support. The matter was heard, and the trial court found that Wiltz's pursuit of an advanced degree would benefit his child in the future and set the amount of child support at $450.00 per month.

Mitchell now appeals, asserting that the trial court erred declaring that Wiltz was not voluntarily under/unemployed pursuant to La.R.S. 9:315.11 and in not using his earning potential in the calculation of child support. Mitchell also asserts that the trial court erred in failing to determine that the retroactive date for the support granted was not the date of judicial demand.

## DISCUSSION

Louisiana Revised Statutes 9:315.11(A) provides that:

> If a party is voluntarily unemployed or underemployed, child support shall be calculated based on a determination of income earning potential, unless the party is physically or mentally incapacitated, or is caring for a child of the parties under the age of five years. In determining the party's income earning potential, the court may consider the most recently published Louisiana Occupational Employment Wage Survey.

In *McDaniel v. McDaniel*, 03-1763, p. 4 (La.App. 3 Cir. 5/19/04), 878 So.2d 686, 689, we stated that:

> Under La.R.S. 9:315, income includes potential income of a voluntarily unemployed or underemployed party. Thus, if a party is voluntarily unemployed or underemployed, child support must be based on a determination of his or her income earning potential. La.R.S. 9:315.11. Whether a party is voluntarily under/unemployed

2

with respect to calculating child support is a question of good faith of the party to be cast with paying the child support obligation. *Stephenson v. Stephenson*, 37,323 (La.App. 2 Cir. 5/14/03), 847 So.2d 175.

In *Aguillard v. Aguillard*, 08-1131, p. 6 (La.App. 1 Cir. 12/23/08), 9 So.3d 183, 187, the first circuit discussed the applicable standard of review:

Voluntary unemployment or underemployment is a fact-driven consideration. The trial court has wide discretion in determining the credibility of witnesses, and its factual determinations will not be disturbed on appeal absent a showing of manifest error. Whether a spouse is in good faith in ending or reducing his or her income is a factual determination which will not be disturbed absent manifest error. *Romanowski* [*v. Romanowski*], 2003-0124[,] [ ] p. 8, [La.App. 1 Cir. 2/23/04),] 873 So.2d [656,][ ] 662. We cannot substitute our findings for the reasonable factual findings of the trial court. *See Stobart v. State, Department of Transportation and Development*, 617 So.2d 880, 882-83 (La.1993).

In this instance, Wiltz testified that he is scheduled to complete the prosthodontics program in June 2012 and that he expects a salary of $120,000.00 per year after completion of the program. He testified that, presently, he is paid $315.00 per month for teaching duties and that he is willing to give all that he is presently making toward the support of his child. He also testified that the program prohibits him from having any outside employment.

In *Mosley v. Mosley*, 348 So.2d 225 (La.App. 3 Cir. 1977), *writ denied*, 350 So.2d 1213 (La.1977), this court recognized that the father's decision to leave his employment as the head of the English Department at Northwestern State University to attend law school was reasonable and justified because it was not made in an attempt to avoid his child support obligation and would not deprive his children of continued reasonable financial support. Thus, this court granted the father a reduction in child support. We find this to be an analogous case. Surprisingly, we find no cases that are exactly like the case at bar. However, we are guided by *Mosley*. Our review of the record reveals that there is sufficient

3

evidence to support the trial court's finding that Wiltz is not voluntarily under/unemployed. The trial court's implicit finding of good faith and credibility on the part of Wiltz is also supported by the record. Thus, we find Mitchell's first assignment of error to be without merit.

Mitchell also argues that the trial court erred in failing to determine that the retroactive date for the support granted was not the date of judicial demand. In this case, the judgment states that the increased amount of $450.00 per month is due from July 1, 2010. The hearing officer's recommendation stated that the increased amount should become effective with the calendar month of May 2010. At the hearing on September 11, 2011, the trial court stated that the effective date would be September 1, 2010, and counsel for the State asked that the court reconsider and set the date of retroactivity to May 1, 2010 (because the hearing date was April 27, 2010, and had Wiltz not appealed, the order would have become effective on May 1). The trial judge reconsidered and ruled that the date of retroactivity would be July 1, 2010. No reasons were given. We find no justification or good cause for setting the date of retroactivity to one other than the date of judicial demand and amend the judgment to reflect a retroactive date of May 1, 2010, as mandated by La.R.S. 9:311(G).

## DECREE

For all of the foregoing reasons, we affirm the trial court's judgment setting child support in the amount of $450.00 per month and amend the judgment to reflect a retroactive date of May 1, 2010. Costs of this appeal are assessed to Intervenor/Appellant, Albertina Mitchell.

**AFFIRMED AS AMENDED.**

4