GENOVESE, Judge.
pin this child support case, Defendant, Sonya R. Seaman,[1] was ordered to pay $756.00 in child support for her three minor children. She appeals the trial court’s determination that she was voluntarily unemployed or underemployed in calculating her child support obligation. For the following reasons, we affirm.
FACTUAL AND PROCEDURAL BACKGROUND
The present case involves the child support obligation calculated following the divorce of Charles Seaman and Sonya Seaman. The Louisiana Department of Social Services (DSS) filed a Rule and Order to Show Cause on March 29, 2011, why Ms. Seaman “should not be ordered to pay a reasonable amount as child support for the minor children: HAILEY SEAMAN, born 10/15/2000; and ERIN and JANA SEAMAN, twins[,] born 11/19/2003.” The matter was heard and judgment was rendered on May 31, 2011.
The trial court found Ms. Seaman to be voluntarily unemployed or underemployed and, using the most recently published Louisiana Occupational Employment Wage Survey, determined that her income earning potential was $3,425.00 per month. Accordingly, after imputing this income earning potential to her, Ms. Seaman was ordered to pay child support in the amount of $756.00 per month for support of the three minor children. Ms. Seaman appeals, and we affirm.
ASSIGNMENT OF ERROR
In her sole assignment of error, Ms. Seaman asserts that the trial court erred in ruling that she was voluntarily unemployed or underemployed and in using her earning potential in the calculation of child support.
laLAW AND DISCUSSION
The applicable standard of review was recently set forth by this court in State v. Wiltz, 11-728, p. 3 (La.App. 3 Cir. 11/2/11), 77 So.3d 1073, 1074-75 (quoting Aguillard v. Aguillard, 08-1131, p. 6 (La.App. 1 Cir. 12/23/08), 9 So.3d 183, 187):
Voluntary unemployment or underemployment is a fact-driven consideration. The trial court has wide discretion in determining the credibility of witnesses, and its factual determinations will not be disturbed on appeal absent a showing of manifest error. Whether a spouse is in good faith in ending or reducing his or her income is a factual determination which will not be disturbed absent manifest error. Romanowski [v. Romanowski], [03-124 (La.App. 1 Cir. 2/23/04), 873 So.2d 656]. We cannot substitute our findings for the reasonable factual findings of the trial court. See Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882-83 (La.1993).
For the purpose of determining child support, La.R.S. 9:315(0(5) (emphasis added) defines “income” as:
(a) Actual gross income of a party, if the party is employed to full capacity; or
*787 (b) Potential income of a party, if the party is voluntarily unemployed or underemployed. A party shall not be deemed voluntarily unemployed or underemployed if he or she is absolutely unemployable or incapable of being employed, or if the unemployment or underemployment results through no fault or neglect of the party.
(c) The court may also consider as income the benefits a party derives from expense-sharing or other sources; however, in determining the benefits of expense-sharing, the court shall not consider the income of another spouse, regardless of the legal regime under which the remarriage exists, except to the extent that such income is used directly to reduce the cost of a party’s actual expenses.
Louisiana Revised Statutes 9:315.11(A) provides that:
If a party is voluntarily unemployed or underemployed, child support shall be calculated based on a determination of income earning potential, unless the party is physically or mentally incapacitated, or is caring for a child of the parties under the age of five years. In determining the party’s income earning potential, the court may consider the most recently published Louisiana Occupational Employment Wage Survey.
|sThe issue before the trial court was whether Ms. Seaman was voluntarily unemployed or underemployed. The burden was on Ms. Seaman to show that she was not voluntarily unemployed or underemployed. The issue before this court is whether the trial court was manifestly erroneous in its judgment. See State, Dep’t of Social Services v. Swords, 08-580 (La.App. 3 Cir. 11/5/08), 996 So.2d 1267 (citing McDaniel v. McDaniel, 03-1763 (La.App. 3 Cir. 5/19/04), 878 So.2d 686). In this appeal, Ms. Seaman argues “[tjhere is no reasonable basis whatsoever for the trial court applying [La.R.S.] 9:315.11 and imputing income to [her]. Nor is there any evidentiary basis for such.”
Ms. Seaman testified that she obtained a bachelors degree of arts in elementary education from Northwestern State University in 1991. She was an elementary school teacher until 1997. Thereafter, Ms. Seaman either worked in Mr. Seaman’s law office or in one of the liquor stores they owned until the parties divorced. As a result of the divorce settlement, Ms. Seaman became the sole owner of a liquor store which she ultimately sold. Thereafter, Ms. Seaman eventually moved out of Louisiana, and the three minor children remained in the custody of Mr. Seaman.
Ms. Seaman testified that she worked for a short time in Montana and then moved to Colorado where she worked at various times as a commission based photographer and at a UPS store, as a ski instructor, and at the Vail Game Creek Club for $10.00 an hour. According to Ms. Seaman, she moved to Colorado because she had no place to live here in Louisiana, and she had a friend who offered her a place to live in Colorado. Ms. Seaman claimed that she was initially unable to obtain a teacher’s certificate in Colorado, which would have enabled her to get a teaching job, because she had criminal charges pending against her in Louisiana. Ultimately, she did obtain a Colorado teacher’s certificate in September 14of 2010. According to Ms. Seaman, she has applied for numerous teaching jobs in Colorado since 2009, but “through no fault of her own[,]” she was unsuccessful in getting a job. Ms. Seaman testified that she had recently enrolled in an online course to earn her master’s degree in education, which she believed would increase her chances of getting a job in Colorado.
*788 The State offered the testimony of Elaine Hicks, Director of the District Attorney’s Child Support Department in the Tenth Judicial District. Ms. Hicks testified that the parties’ child support obligations were calculated using a gross monthly income of $15,139.86 for Mr. Seaman, and the earning potential of a teacher in Louisiana for Ms. Seaman based upon her education level. Statistics from Louisiana’s Department of Labor were used to ascertain that the average monthly income of Ms. Seaman, were she employed in Louisiana as a teacher, would be $3,425.00.
Considering the record before us, we find sufficient evidence supportive of the trial court’s determination that Ms. Seaman is voluntarily unemployed or underemployed. Ms. Seaman offered only her own testimony and no competent, documentary or other corroborating evidence to support her assertion that she is not voluntarily unemployed or underemployed through no fault or neglect of her own. Considering this was a factual determination and credibility call by the trial court, we find no manifest error in the trial court’s ruling that Ms. Seaman is voluntarily unemployed or underemployed nor its determination of her income earning potential as authorized by La.R.S. 9:315.11. Ms. Seaman’s assignment of trial court error is without merit.
1,DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. Defendant/Appellant, Sonya R. Seaman, is to bear all costs of this appeal.
AFFIRMED.
PETERS, J., dissents and assigns written reasons.

. Though the Rule and Order to Show Cause instituting this proceeding listed Defendant’s middle initial as "Y.,” this court notes that the judgment and briefs filed herein list Defendant's middle initial as "R.”